# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

O

### CIVIL MINUTES - GENERAL

| Case No. | CV 08-275 ABC (JCx) | Date | August 11, 2008 |
|---|---|---|---|
| Title | Jennie Pham v. T.J. Financial, Inc. | | |

| Present: The Honorable | Audrey B. Collins | |
|---|---|---|
| Daphne Alex | Not present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**      ORDER RE: Defendant's Motion For Summary Judgment (In Chambers)

Pending before the Court is Defendant T.J. Financial, Inc.'s ("Defendant's") Motion for Summary Judgment, filed on May 23, 2008. Plaintiff Jennie Pham ("Plaintiff") opposed on June 16, 2008 and Defendant replied on June 30, 2008. The Court previously vacated the hearing date of July 21, 2008 pending transfer of this case. The case, however, will remain with the Court. The Court finds Defendant's summary judgment motion appropriate for resolution without oral argument and declines to set a new hearing date. See Fed. R. Civ. P. 78; Local Rule 7-15. For the reasons below, the Court GRANTS IN PART and DENIES IN PART Defendant's motion. **The parties are ORDERED to appear for the Scheduling Conference on Monday, August 18, 2008 at 9:30 a.m.**

Although Defendant styles its motion as one for summary judgment, the parties have engaged in no discovery. Summary judgment should be brought "after adequate time for discovery." See Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). Defendant has only made initial disclosures to Plaintiff and Plaintiff has been unable to verify that she has her complete loan file, has been unable to obtain loan servicing documents, and has been unable to depose Defendant's person most knowledgeable on the issues raised in the case. Rather than simply deny Defendant's motion on this basis, however, the Court will treat Defendant's motion as one to dismiss Plaintiff's complaint and will discuss it briefly on its merits.

A Rule 12(b)(6) motion tests the legal sufficiency of the claims asserted in the complaint. See Fed. R. Civ. Pro. 12(b)(6). In ruling on a Rule 12(b)(6) motion to dismiss, the Court must accept as true all material allegations in the complaint, as well as reasonable inferences to be drawn from them. See Pareto v. F.D.I.C., 139 F.3d 696, 699 (9th Cir. 1998). The complaint must be read in the light most favorable to plaintiff. See id. However, the Court need not accept as true any unreasonable inferences, unwarranted deductions of fact, or conclusory legal allegations cast in the form of factual allegations. See, e.g., Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981). In short, a complaint

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-275 ABC (JCx) | Date | August 11, 2008 |
|---|---|---|---|
| Title | Jennie Pham v. T.J. Financial, Inc. | | |

need not contain detailed factual allegations, but it must allege facts sufficient to raise a right to relief that rises above the level of mere speculation and is plausible on its face. See Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1965, 1969 (2007).

Plaintiff pleads five claims stemming from alleged deceptive and unfair practices by Defendant in offering adjustable rate mortgage loans: (1) violation of the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601, et seq.; (2) fraudulent omissions; (3) violation of California Bus. & Prof. Code § 17200; (4) breach of contract; and (5) breach of implied covenant of good faith and fair dealing. Defendant only attacks Plaintiff's TILA claim and argues that the Court lacks jurisdiction to hear Plaintiff's state-law claims if her TILA claim fails.

Defendant first argues that Plaintiff's TILA claim for damages is untimely. A one-year statute of limitations applies to any damages claims under TILA, which begins to run from the signing of the loan documents, i.e., when Plaintiff first had all the information necessary to discover the TILA violation. See Meyer v. Ameriquest Mortg. Co., 342 F.3d 899, 902 (9th Cir. 2003). Plaintiff signed her loan documents on August 29, 2006, but did not file suit until January 16, 2008. Plaintiff does not dispute that the one-year time limit has run on any claim for damages, so the Court construes her TILA claim as seeking only rescission, which is subject to a three-year statute of limitations applicable to a failure to disclose material information under TILA.

Plaintiff alleges that Defendant violated TILA by: (1) failing to clearly and conspicuously disclose the annual percentage rate charged on the loans; (2) failing to disclose that negative amortization was certain to occur; (3) failing to disclose the effect of the payment cap on the true cost of the loan; (4) failing to disclose that the initial interest rate was discounted; (5) failing to disclose Plaintiff's true legal obligations; and (6) failing to disclose the composite interest rate. Defendant argues that the loan documents themselves disclosed all relevant information, were not misleading, and complied with TILA.[1] Nearly the identical issues were raised by the defendant in Plascencia v. Lending 1st Mortgage, 2008 WL 1902698 (N.D. Cal. 2008). The Court finds this opinion persuasive.

First, on the issue of disclosing the changing annual percentage rate, the note at issue in Placencia set the initial interest rate at one percent, while also stating that the interest rate "will change" on the date of the plaintiff's first monthly payment. Id. at *4. As in Plascencia, the note at issue here

---

[1]The Court may consider the loan documents in ruling on Defendant's motion because Plaintiff either attached them to her Complaint or incorporated them by reference. See Branch v. Tunnell, 14 F.3d 449, 453-54 (9th Cir. 1994) (stating that a court may consider exhibits submitted with the complaint and documents which are not physically attached to the complaint but "whose contents are alleged in [the] complaint and whose authenticity no party questions.").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-275 ABC (JCx) | Date | August 11, 2008 |
|---|---|---|---|
| Title | Jennie Pham v. T.J. Financial, Inc. | | |

states in one section that Plaintiff will pay a "yearly rate" of 1.500%, but states in another section that the interest rate "may change" and "will be based on an index." Plaintiff's rate did, in fact, change after the first month. These provisions may violate 12 C.F.R. § 226.19(b)(2), which requires disclosure of any changes in the interest rate, because "Plaintiffs may be able to show that, considered as a whole, the disclosures provided confusing and seemingly contradictory information concerning the true interest rate of the loan." Id. Plaintiff has stated a claim on this basis.

Plaintiff has also stated a claim for failure to disclose that negative amortization was certain. TILA requires the disclosure of negative amortization. 12 C.F.R. § 226.19(b)(2). The note suggests that negative amortization was a "possibility" under the loan, but Plaintiff alleges that, under the note, negative amortization was certain to occur. The interest rate on the loan jumped by 3.2% after the first month, yet the payment schedule was based on the 1.5% initial interest rate, coupled with a 7.5% cap on annual increases in the payment. Under this scenario, if Plaintiff paid the monthly minimum payment, negative amortization was certain. As the Plascencia court held, "Plaintiffs may be able to show that the Note's reference to negative amortization as a hypothetical event does not clearly and conspicuously disclose 'the effects of exercising the [payment cap] option' – i.e., that 'negative amortization will occur and the principal loan balance will increase." 2008 WL 1902698, at *6 (quoting 12 C.F.R. Pt. 226, Supp. I ¶ 19(b)(2)(vii)(2)) (brackets and emphasis in original). The Court will not dismiss this claim.

Plaintiff, however, has not stated a claim that Defendant failed to disclose the effect of the payment cap on the true cost of the loan. Plaintiff's claim is based on Staff Commentary to TILA, which states: "[i]f a loan contains a rate or payment cap that would prevent the initial rate or payment, at the time of the first adjustment, from changing to the rate determined by the index or formula at consummation, the effect of that rate or payment cap should be reflected in the disclosures." 12 C.F.R. Pt. 226, Supp. I ¶ 17(c)(1)(10)(iii). The Truth-in-Lending Disclosure Statement ("TILDS") sets out the payment schedule, beginning with $1,076.78 a month for the first year, and then four annual increases of the 7.5% payment cap. Once the principal reaches 115% of the original loan, the payment jumps to $2,588.24. The total finance charge ($569,1110.22) and the total amount of payments ($876,585.62) are disclosed on the TILDS, and, as the court in Plascencia held, this adequately discloses "the effect of the payment cap on the true cost of the loan, in that [the TILDS] accurately state[s] the cost of the loan based on the payment schedule listed." 2008 WL 1902698, at * 8. To the extent Plaintiff bases this claim on her allegations that Defendant failed to disclose that negative amortization was certain to occur, it is duplicative and unnecessary. See id. at *8 n.9. This claim is DISMISSED.[2]

---

[2]The Court rejects Plaintiff's argument that the note misleadingly indicates that "[t]his Payment Cap only applies to the Principal and Interest payment," rather than to payments made by Plaintiff that amounted only to interest payments on her loan. Plaintiff omits the rest of this statement: "This Payment Cap applies only to the Principal and Interest payment and does not apply to any escrow

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

O

### CIVIL MINUTES - GENERAL

| Case No. | CV 08-275 ABC (JCx) | Date | August 11, 2008 |
|---|---|---|---|
| Title | Jennie Pham v. T.J. Financial, Inc. | | |

Plaintiff has stated a claim that Defendant failed to disclose that the initial interest rate was discounted. A "discounted rate" is "not determined by the index or formula used to make later interest rate adjustments." 12 C.F.R. Pt. 226, Supp. I, ¶ 19(b)(2)(v). The note's initial interest rate of 1.5% is a discounted rate, but Plaintiff claims that Defendant did not provide her that information. "Plaintiff may be able to show that [she was] not alerted in clear and conspicuous terms that the [1.5%] interest rate was a discounted rate." Plascencia, 2008 WL 1902698, at *5. The Court will not dismiss this claim.

Plaintiff also claims that the note failed to disclose her "true legal obligations." See 12 C.F.R. § 226.17(c)(1) (requiring the note to "reflect the terms of the legal obligations between the parties."). Plaintiff's alleged "true legal obligations," however, rest on the identical facts Plaintiff has already alleged under more specific provisions of TILA, such as certain negative amortization and confusing and conflicting statements on the interest rate. This claim is cumulative of Plaintiff's other claims, and it is DISMISSED. See Plascencia, 2008 WL 1902698, at *7.

Finally, Plaintiff has stated a claim that Defendant failed to disclose the Composite Interest Rate. TILA requires that, "in a variable-rate transaction with a . . . discounted or premium rate, disclosures should not be based solely on the initial terms. In those transactions, the disclosed annual percentage rate should be a composite rate based on the rate in effect during the initial period and the rate that is the basis of the variable-rate feature for the remainder of the term." 12 C.F.R. Pt. 226, Supp. I ¶ 17(c)(8). The TILDS lists the annual percentage rate at 7.877%. In Plascencia, the court dismissed the plaintiff's claim that the defendant failed to disclose the composite rate because the defendant demonstrated that the disclosed 7.68% annual percentage rate was "a weighted average of the brief one-percent 'teaser' rate and the permanent, higher indexed rate," consistent with TILA. In contrast, Defendant has offered no basis on which the Court might conclude that the disclosed 7.877% annual percentage rate is some sort of weighted average, consistent with TILA and Plascencia. Defendant may be able to do that later, but for now Plaintiff has stated a claim on this issue.

In sum, the Court DISMISSES Plaintiff's claim that Defendant misleadingly disclosed the effect of payment cap, in violation of 12 C.F.R. Pt. 226, Supp. I ¶ 17(c)(1)(10)(iii). The Court also DISMISSES Plaintiff's claim that Defendant failed to disclose her "true legal obligations" under the note, in violation of 12 C.F.R. § 226.17(c)(1). These claims are dismissed WITH PREJUDICE because they are legally insufficient and amending them would be futile. The Court DENIES Defendant's

---

payments Lender may require under the Security Instrument." The reference to "Principal and Interest" in this clause was used as a contrast to "escrow payments," and no reasonable borrower could interpret it to mean that the payment cap would not apply to payments made by Plaintiff for only interest on her loan.

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

O

### CIVIL MINUTES - GENERAL

| Case No. | CV 08-275 ABC (JCx) | Date | August 11, 2008 |
|---|---|---|---|
| Title | Jennie Pham v. T.J. Financial, Inc. | | |

motion in all other respects.  Because the Court has treated Defendant's improper summary judgment motion as a motion to dismiss, Defendant will not be prevented from bringing a future summary judgment motion at the appropriate time after discovery.

**IT IS SO ORDERED.**

_____ : _____

Initials of Preparer          DA